# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DANNY R. COOK,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0279** (BOR Appeal No. 2050947)
                      (Claim No. 2008029808)

**SPECIALTY PRINTERS LIMITED,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny R. Cook, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Specialty Printers Limited, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2016, in which the Board affirmed an October 26, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 17, 2015, decision denying the request for an MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cook, owner and operator of Specialty Printers Limited, was injured in the course of his employment on January 26, 2008, when he tripped over a cord while carrying a piece of aluminum metal. The claims administrator held the claim compensable for contusion of the knee, rotator cuff sprain/strain, enthesopathy of the hip region, and lumbosacral sprain/strain on February 2, 2008. Mr. Cook was treated for his injuries by various physicians. On July 9, 2009, Mr. Cook saw Stanley Tao, M.D. While Dr. Tao was primarily concerned about Mr. Cook's shoulders, he did note that Mr. Cook's knees had improved on their own. Mr. Cook was then

1

found to be at maximum medical improvement during a 2011 independent medical evaluation by Prasadarao Mukkamala, M.D.

Mr. Cook underwent an ultrasound on his left knee on March 19, 2015, which revealed a 5.5 centimeter fluid collection within the soft tissues anterior to the left knee. It was speculated to be a hematoma. On May 12, 2015, Dr. Tao requested an MRI of Mr. Cook's left knee to determine the problem; however, the actual request was not part of the record. The claims administrator asked Syam Stoll, M.D., to perform a medical records review and provide an opinion as to whether the carrier should authorize payment for an MRI of Mr. Cook's left knee. Ultimately, Dr. Stoll recommended against authorization, noting that Mr. Cook had been placed at maximum medical improvement in 2011 and had not received treatment for his left knee since 2008. Dr. Stoll concluded that Mr. Cook's present complaints of knee pain were unrelated to the compensable injury seven years prior. On July 17, 2015, the claims administrator denied authorization of an MRI for Mr. Cook's left knee.

On October 26, 2015, the Office of Judges affirmed the claims administrator's decision. The Office of Judges found that while Mr. Cook's claim had previously been held compensable for a knee contusion, every future affliction was not automatically related to the compensable injury. Mr. Cook had reached maximum medical improvement several years prior. It was his burden to prove the relationship between his current symptoms and his compensable injury. Mr. Cook failed to submit any competent evidence that established a causal connection. The Office of Judges found that in the absence of such medical evidence, the decision of the claims administrator should be affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 25, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Cook did not submit any evidence showing complaints or treatment of his left knee after 2008. Additionally, apart from his own allegations, Mr. Cook has failed to show a causal connection between his current problems and the compensable injury, and no medical professionals have opined that there is a connection to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker